

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

Gerald C. Mann
XXX~~WILL WILSON~~XXX
ATTORNEY GENERAL

Honorable O. H. Gilmer, Chairman
Committee on Judiciary and Uniform State Laws
House of Representatives
Austin, Texas

Dear Sir:

>Opinion No. 0-3654
>Re: Is Senate Bill 346 (county
>hospital) unconstitutional?

Your letter of June 10, 1941, requesting the opinion of this department on the above stated question has been received.

We quote from your letter as follows:

"I hand you here copy of S. B. No. 346 by Senator Spears, which is pending in the House Committee on Judiciary and Uniform State Laws, and request that you advise me, as Chairman of this committee, whether or not this bill is unconstitutional as a local or special bill under the authority of the recent case of J. R. Miller, et al. v. the County of El Paso, Texas, et al."

Senate Bill No. 346 reads as follows:

### "A BILL TO BE ENTITLED
### AN ACT

(Captioned Omitted)

"BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

"Section 1. In all counties of Texas having a population of not less than three hundred twenty-five thousand (325,000) inhabitants and not more than three hundred fifty thousand (350,000) inhabitants, as shown by the Federal Census of 1940, or any succeeding Federal Census,

a direct tax of not over twenty-five (25¢) cents on the valuation of One Hundred ($100.00) Dollars on all property in said counties, may be authorized and levied by the Commissioners' Courts of such counties for the purpose of erecting buildings and other improvements and for equipping, maintaining and operating hospitals for the treatment and cure of persons suffering from any affliction, disease or injury, and for the purpose of establishing, maintaining and operating with or without the co-operation of the Government of the United States of America or agencies of such government, shelters, storehouses and workrooms, and for supplying paraphernalia, material and utilities for the unemployed, indigent and destitute, and providing for the direct relief of paupers.

"Sec. 2. Before any such tax shall be levied, there shall be submitted to the qualified taxpaying voters of such counties the proposition whether or not such tax shall be levied by such Commissioners' Court, at a regular or at a special election called for such purpose by said Commissioners' Court. Whenever any such proposition shall receive a majority of the votes of the qualified property tax-payers voting at such election, said Commissioners' Court shall be authorized to levy such tax or any portion thereof as may be necessary and expedient.

"Sec. 3. If any section, subsection, paragraph, sentence or word of this Act be held invalid, such holding shall not affect the validity of the remaining portions of this Act.

"Sec. 4. All Acts, laws or parts of laws in conflict herewith are hereby repealed, to the extent of such conflict only.

"Sec. 5. The fact that counties now have insufficient funds to erect, equip, maintain and operate hospitals and have had no direct legislative authority to establish, maintain and operate shelters, storehouses and workrooms and to supply paraphernalia, material and supplies for unemployed, indigent and destitute persons in such counties, and the fact that there are thousands of needy persons in such counties entitled to the benefits of this Act, creates an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each House be, and the same is hereby suspended, and this Act shall be in force and take effect immediately upon its passage, and it is so enacted."

Section 56, of Article III of the State Constitution, provides as follows:

"The legislature shall not, except as otherwise provided in this Constitution, pass any local or special law. . . . regulating the affairs of counties, cities, towns, wards or school districts; . . . and in all other cases where a general law can be made applicable, no local or special law shall be enacted; provided, that nothing herein contained shall be construed to prohibit the legislature from passing special laws for the preservation of the game and fish of this state in certain localities."

Chapter 5, Title 71, Vernon's Annotated Civil Statutes, is the general law authorizing the commissioners' court of any county to establish a county hospital and to enlarge any existing hospitals for the care and treatment of persons suffering from any illness, disease or injury, subject to the provisions set forth in said chapter.

After carefully considering Senate Bill No. 346, supra, in connection with the opinion handed down by the Supreme Court on April 23, 1941, in the case of Miller, et al v. County of El Paso, et al, and the authorities cited therein, we are of the opinion that said Senate Bill No. 346 is a local or special law and therefore unconstitutional and void.

We also call your attention to Section 3, Article VIII, of the State Constitution which provides: "Taxes shall be levied and collected by general laws and for public purposes only." The above mentioned Senate Bill, being a special or local bill contravenes this provision of the Constitution as well as Section 56, Article III, of the Constitution.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

APPROVED JUN 20, 1941

FIRST ASSISTANT
ATTORNEY GENERAL
AW:LM

Approved
Opinion
Committee
By _____
Chairman

ATTORNEY GENERAL OF TEXAS

By _Ardell Williams_

Ardell Williams
Assistant